IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30085
Summary Calendar
_____


JEANNE M. KELLY, Individually and
as personal representative of the
estate of Captain James J. Kelly,
and on behalf of her minor child,
James Joseph Kelly, III,

                              Plaintiff-Appellee,

                    versus

THE PANAMA CANAL COMMISSION,

                              Defendant-Appellant.

_____

Appeal from the United States District Court for
the Eastern District of Louisiana
(CA 92 1733 G)
_____
August 16, 1995

Before REAVLEY, DAVIS and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    The Panama Canal Commission (the "Commission") appeals a

judgment rendered against the Commission in a wrongful death

action brought by the widow and son of Captain James Kelly.

_____

    [*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined
that this opinion should not be published.

Captain James Kelly, a United States Army Officer assigned to duty in the Republic of Panama, was killed while recreationally sailing when the mast of his catamaran struck a hanging electrical wire.  His widow sued the Commission on behalf of herself and her son (the "Kellys").  The district court found the Commission liable for Captain Kelly's death and awarded the Kellys $10,000 for Captain Kelly's pain and suffering, $150,000 to Jeanne Kelly and $170,000 to James Kelly III for loss of society and $578,846.66 each to Jeanne and James.  On appeal, this court affirmed the finding of liability, but vacated the nonpecuniary damage awards and remanded the action with instructions to "make additional findings to specify the wage base it used to compute the loss of support item and, if necessary, conform the award to the evidence."  Kelly v. Panama Canal Commission, 26 F.3d 597 (5th Cir. 1994).  This court left the possibility of reopening the record to take more evidence to the district court's discretion.

On remand, the district court concluded that it was unnecessary to reopen the record.  The court recomputed the lost wages component, relying on the report of Edwin C. Schilling III, the Kellys' expert on military service retirement systems and financial calculations.  The Commission had not objected to the computations in this report and did not offer an alternative calculation of Kelly's future earnings.  The Commission appeals the new damage award.  The Commission contends that the court erred in assuming that Captain Kelly would have been promoted

2

before retirement and in assuming that the Captain would have had a post military career. The Commission also objects to the award because the court did not deduct veteran's benefits accruing to the Kellys under the Veterans' Benefits Act or deduct payments made to social security.

The district court relied on the Kellys' expert witness' report for its assumptions regarding Captain Kelly's future promotions in the military and post military employment. As the district court noted, the Commission did not submit any evidence regarding Captain Kelly's future promotions or post military employment. The Commission stipulated to the report and did not cross examine Colonel Schilling. The only objection made by the Commission to the report was that it assumed a promotion which had been designated but not yet fully processed. The court's adoption of Schilling's assumption that this promotion would have been properly processed and put into effect was not clearly erroneous.

The district court did not err is accepting Schilling's expert opinion and the evidence demonstrating Captain Kelly's excellent credentials in assuming that Kelly would have received future promotions and would have had a post military career.

The Commission also contends that the award to the Kellys was incorrect because the court did not deduct veteran's benefits received by the Kellys. The Commission failed to submit any evidence to the trial court regarding the amount or character of the benefits received by the Kellys. The Commission did not

cross examine Schilling regarding veteran's benefits. Indeed, the Commission made no formal objection to the failure to deduct veterans benefits. <u>Pickle v. Int'l Oilfield Divers</u>, 791 F.2d 1237, 1241 (5th Cir. 1986)(holding that the right to deductions for veteran's benefits waived if not properly raised in the trial court). In its trial brief, the Commission made a vague assertion that any recovery on the part of the Kellys would be redundant because the Commission is a government agency. This assertion did not adequately raise the issue of accounting for the Kellys' veteran's benefits.

The Commission also contends that the award was incorrect because the court did not deduct social security taxes. In accepting the computations of future earnings of Colonel Schilling, the court noted that Schilling had allowed for a 6.5% FICA deduction. This allowance is indicated in Schilling's report. The Commission points to no evidence contradicting this clear indication that the court did allow for social security tax deductions in its award.

AFFIRMED.